**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| CALESHA M. HARRIS, | : | Case No. 3:24-cv-295 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| STATE OF OHIO, *et al*., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Calesha Harris has filed a pro se civil rights Complaint and an Amended Complaint in this Court. (*See* Doc. 1-1, 18). Briefly, Plaintiff alleges that she was denied medical care and/or received negligent medical care at the Dayton Correctional Institution (DCI), where she was previously incarcerated. By separate Order, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 15).

The initial Complaint submitted by Plaintiff named multiple Defendants and asserted various claims, including Plaintiff's primary assertion that she was denied medical care at DCI.[1] However, because the Complaint failed to state with particularity what any named Defendant did or failed to do in allegedly violating Plaintiff's rights (*see*

---

[1] Plaintiff also alleged that excessive force was used against her, but did not support her conclusory assertion with detailed factual allegations or name a Defendant in connection with the incident. (*See* Doc. 1-1, Complaint at PageID 16 ("I got spray[ed] with OC Spray in Riley C Rm 6 for no reason.").

Doc. 1-1, Complaint at PageID 11, 14-16) and given Plaintiff's *pro se* status, the Court issued an Order giving Plaintiff an opportunity to file an Amended Complaint clarifying her claims.[2] (Doc. 16). The Order specified that the Amended Complaint should state the facts in support of her claims and relief sought, as well as the names and specific actions of the Defendants she seeks to hold liable. (*Id.* at PageID 227).

In response, Plaintiff filed an Amended Complaint (Doc. 18) that again alleges denial of medical care at DCI and resulting injuries. Specifically, Plaintiff claims that she was given another inmate's psychotropic medication, which resulted in hearing impairment; was denied medical treatment for seven months despite positive tests for bacterial vaginosis and a kidney infection; and was deprived of adequate dental care. Plaintiff alleges that the individuals responsible for the alleged constitutional violations are detailed in her medical records and in documents already submitted to the Court. (*See id.* at PageID 230-31).

This matter is now before the Court for a *sua sponte* review of the Complaint, as amended, to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See*

---

[2] The only Defendant against whom Plaintiff included factual allegations in the original Complaint was Defendant Chief Inspector Chris Lambert. Plaintiff alleged that Lambert placed her on grievance restriction in response to Plaintiff filing 77 grievances and 561 kites.  (*See* Doc. 1-1, Complaint at PageID 15). As discussed below, Plaintiff's claims against Lambert in connection with the grievance process should be dismissed for failure to state a claim upon which relief may be granted.

2

Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(3), which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action

---

[3] Formerly 28 U.S.C. § 1915(d).

is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of

4

considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## B. Allegations in the Complaint

In the Amended Complaint, Plaintiff refers to documents submitted to the Court in support of her claims. (*See* Doc. 18 at PageID 230-31). The Court notes that Plaintiff previously submitted documents concerning her factual allegations (*see* Doc. 9-1), which the Court construes as exhibits to her Amended Complaint and are considered a part of the Complaint "for all purposes." *See* Fed. R. Civ. P. 10. The Court liberally construes Plaintiff's Original Complaint (Doc. 1-1), the Amended Complaint (Doc. 18) and the submitted exhibits (Doc. 9-1) together as the operative Complaint.

Plaintiff alleges that she was denied medical treatment or received negligent medical treatment while at DCI.  Plaintiff claims that on June 5, 2023, she was provided with another inmate's medication for "a week or more," resulting in her losing her hearing. (Doc. 1-1 at PageID 15; Doc. 18 at PageID 230). Plaintiff further alleges that she was denied proper dental care, alleging that she had teeth extracted on two occasions at DCI, apparently resulting in root tips being left in her gums and her gumline broken

5

down "all the way to [her] sinus cavity." (Doc. 1-1 at PageID 16; Doc. 18 at PageID 230). Finally, Plaintiff claims that although she had a positive lab result for bacterial vaginosis and a kidney infection, her condition was left untreated for seven months. (Doc. 1-1 at PageID 14-15; Doc. 18 at PageID 230). According to Plaintiff, the lack of treatment caused her to develop a fever of 104 degrees and nearly die. (*Id.*). Plaintiff alleges that Defendants Nurse Ron and CO Adams were involved in the distribution of her medication and laughed when providing her medication to another inmate on one occasion. (*See* Doc. 9-1, pp. 11, 20-21). Plaintiff also alleges that Defendant Nurse Craft acknowledged Plaintiff's positive lab results and lack of treatment. (*Id.* at p. 16).

Plaintiff also claims that she filed numerous kites and grievances regarding her medical care. According to Plaintiff, Defendant Chief Inspector Chris Lambert refused to investigate her complaints and placed her on grievance restriction. (Doc. 1-1 at PageID 15. *See also* Doc. 9-1, p. 13).

For relief, Plaintiff seeks monetary damages. (Doc. 18 at PageID 231).

**C. Analysis**

At this juncture in the proceedings, out of an abundance of caution and without the benefit of briefing by the parties to this action, the undersigned Magistrate Judge concludes that Plaintiff may proceed at this juncture with her claims against Defendants Nurse Ron, CO Adams, and Nurse Craft.[4] However, for the reasons set forth below,

---

[4] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite

Plaintiff's claims against the remaining Defendants should be dismissed. *See* 28 U.S.C.
§§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the Complaint must be dismissed against the State of Ohio
because it is immune from suit. Absent an express waiver, the Eleventh Amendment to
the United States Constitution bars suit against a State or one of its agencies or
departments in federal court regardless of the nature of the relief sought. *Seminole Tribe
of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465
U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,*
415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting
lawsuits against a state in federal court do not apply in this case. The State of Ohio has
neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon
v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie
Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673,
681 (6th Cir. 1976). Nor has Plaintiff sued a state official seeking prospective injunctive
relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908).  In
addition, Congress has not "explicitly and by clear language" expressed its intent to
"abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983.
*See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979). Therefore, the State of Ohio is
immune from suit in this case

---

statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g.,
Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

The Complaint should also be dismissed as to Defendants Dayton Correctional Institution (DCI) and the Ohio Department of Rehabilitation and Correction (ODRC). Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ," 42 U.S.C. § 1983. Neither a correctional facility nor a department of corrections is a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Accordingly, the DCI and ODRC should be dismissed as a Defendants to this action.

To the extent that Plaintiff seeks to hold Defendants Lambert, Gaddis, or Craft liable in connection with her grievances, her claims should be dismissed. Plaintiff alleges that Defendants Lambert, Gaddis, and Mr. Craft failed to investigate her grievances. (Doc. 1-1, Complaint at PageID 15; Doc. 9-1 at p. 17). However, prison officials whose

8

only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be held liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, Plaintiff's claims against Defendants Lambert, Gaddis, and Craft brought in connection with the grievance process and investigation should be dismissed for failure to state a claim upon which relief may be granted.[5]

Plaintiff has also failed to state a First Amendment access-to-courts or retaliation claim to the extent she claims that Defendant Lambert placed her on grievance restriction. (*See* Doc. 1-1, at PageID 15). While the Prison Litigation Reform Act's exhaustion requirement is "mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal."). And the "Sixth Circuit repeatedly has held that placement on modified access does not constitute

---

[5] As noted below, Plaintiff does not include any factual allegations against Defendant Mr. Jeff Noble of the CIIC (Correctional Institution Inspection Committee). For the reasons provided, Plaintiff also fails to state a claim against Noble to the extent she seeks to hold him liable in connection with the investigation of her grievances.

an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 WL 2106401, at *5 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery,* 158 F. App'x. 656, 660 (6th Cir. 2005); *Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio,* 20 F. App'x. 469, 471 (6th Cir. 2001); *Corsetti v. McGinnis,* 24 F. App'x. 238, 241 (6th Cir. 2001)).

To the extent Plaintiff otherwise seeks to hold Defendant Wardens Craft or Smith based on their supervisory positions, *respondeat superior* does not apply to Section 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere allegation that these Defendants are wardens who failed to take corrective action is not enough to impose liability on these Defendants under Section 1983.

Finally, the Complaint should be dismissed as to the remaining named Defendants: Ms. Hartler, Captain Flemming, Ms. Allen, Ms. Root, and Mr. Jeff Noble. Although Ms. Root and Mr. Jeff Noble are named as Defendants to this action, Plaintiff's Complaint, Amended Complaint, and exhibits contain no factual allegations against them. To survive dismissal for failure to state a claim upon which relief may be granted, a plaintiff must plead factual content that allows the Court to reasonably infer that a named defendant is

10

liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Absent specific factual allegations against these defendants, the Complaint should be dismissed as to Ms. Root and Mr. Jeff Noble for failure to state a claim upon which relief may be granted.

Similarly, the Complaint should be dismissed against Defendants Ms. Hartler, Ms. Allen, and Captain Fleming. Plaintiff has pled insufficient facts to suggest that these Defendants denied her medical treatment or otherwise violated her rights. The sole mention of Hartler is that she informed the medical department that they could not deny Plaintiff mental health medication. (Doc. 9-1 at p.11). Although Plaintiff mentions Allen and Fleming in her exhibits, Plaintiff failed to allege sufficient factual allegations against them to plausible set forth an actionable claim. *Iqbal*, 556 U.S. at 678. Therefore, Defendants Allen and Fleming should also be dismissed as Defendants to this action.

In sum, Plaintiff may proceed with the development of her claims against Defendants Nurse Ron, CO Adams, and Nurse Craft. However, Plaintiff has failed to provide completed summons and U.S. Marshal forms for service on these Defendants. It is therefore **ORDERED** that Plaintiff, **within forty-five (45) days** of the date of this Order, submit completed summons and U.S. Marshal forms for Defendants Nurse Ron, CO Adams, and Nurse Craft. Once the Court receives the requested forms from Plaintiff, the Court will order service of process by the United States Marshal. **Plaintiff is ADVISED that failure to comply with this Order will result in the dismissal of this action for want of prosecution.**

11

In addition, having found that the remaining claims alleged in the Complaint fail to state a claim upon which relief may be granted, the undersigned recommends that Plaintiff's remaining claims be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's claims against Defendants Nurse Ron, CO Adams, and Nurse Craft.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The Clerk shall combine the Complaint (Doc. 1-1), Amended Complaint (Doc. 18) and exhibits (Doc. 9) into one document and file it on the docket as Plaintiff's First Amended Complaint.

2. The Clerk shall send blank summons and U.S. Marshal forms to Plaintiff to complete for service on Defendants Nurse Ron, CO Adams, and Nurse Craft.

3. Plaintiff shall, **within forty-five (45) days** of the date of this Order, submit completed summons and U.S. Marshal forms for Defendants Nurse Ron, CO Adams, and Nurse Craft. Once the Court receives the requested forms the Court will order service of process and the First Amended Complaint by the

12

United States Marshal.  **Plaintiff is ADVISED that failure to comply with this Order may result in the dismissal of this action for want of prosecution.**

4. Plaintiff shall inform the Court promptly of any changes in her address which may occur during the pendency of this lawsuit.

Date:  January 7, 2026                                  */s/ Caroline H. Gentry*
                                                                Caroline H. Gentry
                                                                United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13