**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| CALESHA M. HARRIS, | : | Case No. 3:24-cv-00295 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| STATE OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This civil rights case has been pending since July 15, 2024. It was filed *pro se* by Plaintiff Calesha M. Harris, who was a state prisoner at the time the case was filed. (*See* Doc. No. 1.) Plaintiff Harris was released from state custody in December 2024.[1] (*See* Notice of Address Change, Doc. No. 22 [docketed December 26, 2024]).

On January 7, 2026, the undersigned Magistrate Judge screened Plaintiff's First Amended Complaint and ordered Plaintiff to "submit completed summons and U.S. Marshal forms for Defendants Nurse Ron, CO Adams, and Nurse Craft." (Order and Report and Recommendation, Doc. No. 25 at PageID 253 [forms due February 23, 2026].) Plaintiff did not submit the required forms.

On March 10, 2026, the undersigned again ordered Plaintiff to submit the required service forms, explaining that "[t]his case cannot proceed any further unless Defendants

---

[1] *See* Ohio Department of Rehabilitation & Correction website, Offender Details, available at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/W109666 (last visited April 20, 2026) (indicating that Plaintiff has been released).

are served with process. That cannot occur until Plaintiff provides the required service forms." (Order Concerning Service Forms, Doc. No. 27 at PageID 337 [forms due March 27, 2026].) To date, Plaintiff has not submitted the required service forms. In fact, she has not taken any action in the case since she notified the Court of her address change in December 2024. (Doc. No. 22.) The Court's mail to Plaintiff has since been returned. (*See* Doc. No. 28.)

Because Plaintiff failed to provide the required service documents, the time limit for service of process has expired. Rule 4(m) of the Federal Rules of Civil Procedure states, in relevant part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff's First Amended Complaint was filed on the Court's docket on January 7, 2026. Ninety days after January 7, 2026 was April 7, 2026. Service of process was not completed by that date. Moreover, Plaintiff has not complied with the Court's orders to submit the required forms and has not further updated her address.

The undersigned warned Plaintiff that her case may be dismissed if she failed to submit the required service forms. (*See* Doc. No. 25 at PageID 255 ["**Plaintiff is ADVISED that failure to comply with this Order may result in the dismissal of this action for want of prosecution.**" (emphasis in original)]; Doc. No. 27 at PageID 338 ["Plaintiff shall submit these forms by March 27, 2026. If she fails to submit them by that

date and does not otherwise respond to this Order, the undersigned may recommend that the Court dismiss her case for failure to prosecute."].) The Court also repeatedly advised Plaintiff that she must update her address with the Court while the case is pending. (*See, e.g.*, Doc. No. 13 at PageID 219; Doc. No. 25 at PageID 255; Doc. No. 27 at PageID 338.) Plaintiff has not done so, and the case cannot proceed further without her participation.

Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Here, Plaintiff's failure to comply with the Court's orders to provide the required service documents, and her failure to update her address or prosecute this case, warrant dismissal. (Doc. Nos. 25, 27.)

The undersigned Magistrate Judge therefore **RECOMMENDS** that the Court **DISMISS** this case for failure to prosecute and/or failure of service of process. *See* Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 4(m). The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and on that basis **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to these recommendations as outlined in the section below. The Clerk of Court is **DIRECTED** to send an additional copy of this Report and Recommendation to the address noted in Doc. No. 28.

**IT IS SO RECOMMENDED.**

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendation ("R&R")**

If any party objects to this R&R, the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the

4

R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947

(6th Cir. 1981).